# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALONZO HAMPTON**                                                                          **PLAINTIFF**
**ADC #137559**

**V.**                      **CASE NO. 4:20-CV-1112-JM-BD**

**WENDY KELLEY,**
**Secretary of Correction, ADC;**
**DEXTER PAYNE,**
**Director, Arkansas Division of Correction;**
**RAYMOND NAYLOR,**
**Disciplinary Hearing Administrator;**
**JARED BYERS,**
**Head Warden, Maximum Security Unit;**
**KEITH WADDLE;**
**JUSTINE MINOR; and**
**LASONYA SCOTT**                                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation for dismissal has been sent to Judge James M. Moody Jr. Mr. Hampton may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If Mr. Hampton does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.   Discussion:**

   A.  Background

Plaintiff Alonzo Hampton, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 1) In his complaint, Mr. Hampton claims that Defendants Wendy Kelley, Keith Waddle, Raymond Naylor, LaSonya Scott, and Justine Minor violated his due process rights by not allowing him to present exculpatory evidence at disciplinary hearings in May 2018 and May 2020. (Doc. No. 2 at pp. 4, 9)

As a result of the first disciplinary conviction, Mr. Hampton lost phone and visitation privileges for sixty days; he was assigned to fifteen days of punitive isolation; his classification level was reduced such that he was unable to earn good-time credits for one year; and he forfeited his right to a parole hearing. (Doc. No. 2 at p. 7) As a result of the second disciplinary conviction, Mr. Hampton lost phone and visitation privileges for sixty days; he was assigned to thirty days in punitive isolation; his classification level was reduced such that he was unable to earn good-time credits for one year; and he lost 150 good-time credits. (Doc. No. 2 at p. 9)

Mr. Hampton claims that these alleged due process violations were a result of customs and policies promulgated by Defendant Kelley, as ADC director, and later, as the Secretary of Correction. Mr. Hampton also claims that he informed Defendants Kelley, Naylor, Minor, Jared Byers, and Dexter Payne of the due process violations, but those Defendants failed to take corrective actions.

2

B. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints that seek relief against a governmental entity, officer, or employee. 28 U.S.C. §1915A(a). Before ordering service of process, the Court is obligated to dismiss claims that are legally frivolous or malicious; that fail to state a claim upon which relief may be granted; or that seek monetary relief from a defendant who is immune from paying damages. 28 U.S.C. § 1915A(b).

Mr. Hampton alleges due process violations; but the protection afforded by the due process clause is triggered only where the prisoner has a liberty at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). A prisoner's liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or from actions that "inevitably affect the duration of [a prisoner's] sentence." *Sandin*, 515 U.S. at 487. Taking all the allegations in the complaint as true, the penalties imposed on Mr. Hampton were not severe enough to constitute a violation of his liberty interest.

First, as an inmate in the ADC, Mr. Hampton has no liberty interest in earning or preserving good-time credits. *McKinnon v. Norris*, 366 Ark. 404 (2006) (no liberty interest in the accumulation or loss of good-time credits under Arkansas law). This is because Arkansas's good-time statute does not reduce the term of a prisoner's sentence; instead, it simply reduces the time an inmate must serve before becoming eligible for transfer (parole). *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011). Because Mr.

3

Hampton has no protected federal due process right to parole, or to a parole hearing, there was no violation under the due process clause. *Jenner v. Nikolas*, 828 F.3d 713, 717 (8th Cir. 2016); *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (federal constitution does not confer a right to be conditionally released before the expiration of a valid sentence).

Second, Mr. Hampton's placement in punitive isolation for fifteen days, and even for thirty days, does not violate his right to due process. *Kennedy v. Blankenship*, 100 F.3d 640, 642–43 & n.2 (8th Cir. 1996) (thirty days in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Mr. Hampton, furthermore, has no liberty interest in maintaining his classification level. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Because Mr. Hampton failed to allege a violation of his liberty interest, his due process claims should be dismissed. And, because there is no underlying constitutional violation, Mr. Hampton's corrective inaction and *Monell* claims should likewise be dismissed. See *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) ("[Defendant] did not fail to take 'corrective action'…because there were no predicate violations to correct in the first place."); *Stockley v. Joyce*, 963 F.3d 809, 823 (8th Cir. 2020) (citation omitted) ("Without a constitutional violation by the individual officers, there can be no § 1983 or *Monell* . . . liability.")

### III.   Conclusion:

The Court recommends that Mr. Hampton's claims be DISMISSED, without prejudice, because his allegations, even if true, fail to state a federal claim for relief. The

Court further recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

    DATED this 28th day of September, 2020.

                                                       _____
                                                 UNITED STATES MAGISTRATE JUDGE